UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 19-CIV-23952-WILLIAMS

JIMMIE L. BOWEN,

    Petitioner,

v.

RICKY D. DIXON,[1] *Secretary, Florida Department of Corrections*,

    Respondent.

_____/

## ORDER

**THIS MATTER** is before the Court on Magistrate Judge Lisette Reid's Report and Recommendation ("Report") (DE 18) on Jimmie L. Bowen's ("Petitioner's" or "Mr. Bowen's") Amended Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2254 (the "Amended Petition"). (DE 6.) Respondent filed objections to the Report ("Objections"). (DE 19.) Petitioner did not file a response to the Objections. The Report recommends the Court grant in part and deny in part the Amended Petition. (DE 18 at 2, 34.) The Court believes a brief additional discussion is appropriate.

First, it appears that Respondent misunderstands the Report's analysis of the applicable standard of review under 28 U.S.C. § 2254(d), which provides that:

> An application for a writ of habeas corpus . . . shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by

---

[1] Ricky D. Dixon succeeded Mark S. Inch as the Secretary of the Florida Department of Corrections in November 2021 and is, therefore, automatically substituted for Inch as a Respondent pursuant to Fed. R. Civ. P. 25(d).

> the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). Respondent objects to the Report's conclusions because, "[i]n the instant case, there is no decision of the Supreme Court of the United States holding that the acts of leaving a suspect in an interview room with a codefendant . . . while recording their ensuing conversation, constitutes 'custodial interrogation.'" (DE 19 at 4–5.) Thus, Respondent seems to assert that, in order to grant Mr. Bowen's Amended Petition as to his Fifth Amendment claim, the Court must identify a Supreme Court decision with the identical facts at issue here. (*Id.*) This is incorrect. The Supreme Court has expressly held that, to grant a petition for habeas corpus under Section 2254(d)(1), a court need not cite to "an identical factual pattern." *White v. Woodall*, 572 U.S. 415, 427 (2014) (quoting *Panetti v. Quarterman*, 551 U.S. 930, 953 (2007)). Rather, "relief is available under § 2254(d)(1)'s unreasonable-application clause if it is so obvious that a clearly established rule applies to a given set of facts that there could be no 'fairminded disagreement' on the question." *White*, 572 U.S. at 427 (citing *Harrington v. Richter*, 562 U.S. 86, 103 (2011)). Upon review of the record and the applicable case law, the Court concurs with Judge Reid and concludes that the state court incorrectly denied Petitioner's motion to suppress his statements obtained after he scrupulously invoked his Fifth Amendment right to remain silent, because "clearly established" Supreme Court precedent left no "fairminded" dispute as to this issue.

    Next, as extensively discussed by Judge Reid in the Report, "the state court's denial of the motion to suppress was an unreasonable application of clearly established federal law as determined by the Supreme Court." (DE 18 at 25.) Here, Mr. Bowen, who

was a sixteen-year-old minor, invoked his right to remain silent in writing. (DE 6 at 3.) Moreover, his mother told the interrogating detective—more than once—that she needed to be present for any attempts to question her minor son, and the detective assured her he would not do so. (*Id.*) Nevertheless, the detective placed Mr. Bowen in an interrogation room with his co-defendant, who had waived his right to remain silent and discussed the incident at issue with police.[2] Additionally, the detective purposefully recorded the conversation. (*Id.*) Consequently, as the Report concludes, Petitioner's Fifth Amendment rights were violated, and the state court's ruling to the contrary rested on an "unreasonable application" of clear Supreme Court precedent. *See* 28 U.S.C. § 2254(d)(1); *Rhode Island v. Innis*, 446 U.S. 291, 301 (1980) (providing "[a] practice that the police should know is reasonably likely to evoke an incriminating response from a suspect thus amounts to interrogation"); *Kuhlmann v. Wilson*, 477 U.S. 436, 459 (1986) (stating that to show a violation of *Miranda v. Arizona*, 384 U.S. 436 (1966), a petitioner for habeas corpus "must demonstrate that the police and their informant took some action, beyond merely listening, that was designed deliberately to elicit incriminating remarks."); *J.D.B. v. North Carolina*, 564 U.S. 261, 269 (2011) (stating that the risks of coercive custodial police interrogations are "more troubling" and "more acute . . . when the subject of custodial interrogation is a juvenile"); see *also Maine v. Moulton*, 474 U.S. 159, 176 (1985) (analyzing the Sixth Amendment right to counsel and stating "the Sixth

---

[2] Detective Benny Solis testified that, "yes" he put Mr. Bowen and his co-defendant, Bernard Jones ("Mr. Jones"), in a room to see if they would talk about the case. (DE 13-3 at 31.) And Mr. Jones, when eliciting statements from Mr. Bowen, stated "they told me what happened . . . they know that you was the shooter, and I was the um . . . the driver . . . ." (*Id.* at 20.) The videorecording of Mr. Jones and Mr. Bowen was played for the jury. (*Id.*)

Amendment is violated when the State obtains incriminating statements by knowingly circumventing the accused's right to have counsel present in a confrontation between the accused and a state agent"); *see also Smith v. Illinois*, 469 U.S. 91, 98 (1984) (analyzing the Sixth Amendment right to counsel and holding that "[w]here nothing about the request for counsel or the circumstances leading up to the request would render it ambiguous, all questioning must cease.").

Finally, the cases cited by Respondent do not support rejection of the Report. The two cases Respondent heavily relies upon, *United States v. Stubbs*, 944 F.2d 828 (11th Cir. 1991), and *Arizona v. Mauro*, 481 U.S. 520 (1987), are clearly distinguishable. As discussed in the Report, *United States v. Stubbs* is inapplicable because it dealt with a defendant who made statements while incarcerated in prison, not detained in an interrogation room pre-arrest. 944 F.2d at 831. Likewise, *Arizona v. Mauro* is inapposite because it involved a defendant who spoke with his wife in an interview room, while a law enforcement officer was present, with the recorder placed "in plain sight . . . ." 481 U.S. at 522. Notably, both these cases involve adult defendants. Mr. Bowen (and his mother, who spoke for her minor child) clearly invoked his *Miranda* rights yet was nevertheless placed in an interrogation room alone with his co-defendant and recorded without his knowledge. The detective in this matter acknowledged that the motive for moving Mr. Bowen to a room with his co-defendant was to see if they would talk about the case and that he "absolutely" hoped they would. (DE 14-1 at 32.) Accordingly, the state court should have suppressed Mr. Bowen's statements and the failure to do so was "a decision that was contrary to, or involved an unreasonable application of, clearly established Federal

law, as determined by the Supreme Court of the United States . . . ." 28 U.S.C. § 2254(d)(1).

Accordingly, upon a careful review of the Report, the Amended Petition, the Objections, and the record, it is **ORDERED AND ADJUDGED** that:

1. Judge Reid's Report (DE 18) is **AFFIRMED AND ADOPTED**.

2. Mr. Bowen's Amended Petition (DE 6) is **GRANTED IN PART AND DENIED IN PART**. The Amended Petition is granted in part as to the request for a new trial because Mr. Bowen's Fifth Amendment rights under the U.S. Constitution were not scrupulously honored, and his statements should have been suppressed. Accordingly, Respondent is ordered to conduct a new trial consistent with this Order and the Report. The Amended Petition is denied in all other respects.

3. The Clerk is ordered to **CLOSE** this case.

**DONE AND ORDERED** in Chambers in Miami, Florida, this 13th day of May, 2022.

KATHLEEN M. WILLIAMS
UNITED STATES DISTRICT JUDGE

cc: **All Counsel of Record**; and

**Jimmie L. Bowen**
B12752
Madison Correctional Institution
Inmate Mail/Parcels
382 SW MCI Way
Madison, FL 32340